```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**GERALD HAMBRIGHT,**

                        **Petitioner,**

         v.                                      CASE NO. 21-3045-SAC

**STATE OF KANSAS,**

                        **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241 by a pretrial detainee. Petitioner proceeds pro se, and the court grants leave to proceed in forma pauperis.

### Background

Petitioner is in pretrial custody at the Sedgwick County Jail and is temporarily placed at the Larned State Hospital. He complains that he is unlawfully detained, that his weapons were taken without due process, that he is subject to excessive bail, and that he has been denied due process and a speedy trial. The petition states that petitioner is charged in Case Nos. 17cr000777, 19cr3853, and 20cr1109 but that all cases have been taken off the docket during his substance abuse treatment. Petitioner seeks the processing of his cases, monetary relief, the return of his driver's license and other relief.

### Screening

This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Under Rule 4, the court is required to undertake a preliminary review of the petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is

not entitled to relief…the judge must dismiss the petition." Habeas Corpus Rule 4.

A court may grant relief under § 2241 only where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## Discussion

Because petitioner seeks relief from pending state prosecutions, the court must consider whether he has shown any exceptional circumstances that warrant the extraordinary intervention he seeks. *See Jones v. Perkins*, 245 U.S. 390, 391-92 (1918)("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").

Likewise, the Supreme Court has held that federal courts should not intervene in pending state criminal prosecutions absent "irreparable injury" that is "both great and immediate." *Younger v. Harris*, 401 U.S. 37, 46 (1971)(internal quotation marks omitted). Under the *Younger* abstention doctrine, a federal court must abstain from exercising jurisdiction when the following three conditions are met: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'" *Amantullah v. Colo. Bd. Of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)(quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1997),

*cert. denied*, 523 U.S. 1005 (1998)). If these conditions are met, "*Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n,* 319 F.3d 1211, 1215 (10th Cir. 2003)(citing *Seneca-Cayuga Tribe v. Oklahoma*, 709, 711 (10th Cir. 1989)).

In this case, the first condition is met because petitioner is the subject of pending state criminal cases. The second condition also is met because the Kansas courts provide petitioner with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and, if he is convicted, direct appeal, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n. 2 (10th Cir. 1993)("[F]ederal courts should abstain from the exercise of … jurisdiction if the issues raised … may be resolved either by trial on the merits in state court or by other (available) state procedures.")(quotation omitted). The third condition is met because Kansas has an important interest in enforcing its criminal laws through criminal proceedings in its state courts. *In re Troff*, 488 F.3d 1237, 140 (10th Cir. 2007)("[S]tate control over criminal justice [is] a lynchpin in a unique balance of interests" described as "Our Federalism.")(citing *Younger*, 401 U.S. at 44).

 The court has considered the record and finds no grounds to proceed in this matter. Petitioner's claims are properly considered in the state courts, and he has shown no grounds sufficient to warrant pretrial habeas corpus relief.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motions to proceed in forma pauperis (Docs. 7 and 8) are granted.

IT IS FURTHER ORDERED the petition for habeas corpus is dismissed.

**IT IS SO ORDERED.**

DATED:  This 30th day of April, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge